# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOYD BARKUS,<br><br>   Plaintiff,<br>vs.<br>DENIS LAINEZ, Deputy Public Defender; JESSICA COTO, Deputy District Attorney; CURTIS ROSS, Deputy District Attorney; SERGEANT GUTIERREZ, ID#5948 of SDPD; OFFICER S. SCHNIDER, ID#6669 of SDPD; BONNIE DUMANIS, San Diego District Attorney; OFFICE OF THE DISTRICT ATTORNEY, San Diego; OFFICE OF THE PUBLIC DEFENDER, San Diego; SAN DIEGO POLICE DEPARTMENT; COUNTY OF SAN DIEGO, San Diego, Ca 92101; EUGENIA EYHERABIDE, 220 W. Broadway, San Diego, CA 92101; and DOES 1 to 4,<br><br>   Defendants. | CASE NO. 14cv1761 WQH (BGS)<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") filed by Plaintiff Christopher Boyd Barkus. (ECF No. 2).

   On July 25, 2014, Plaintiff, proceeding *pro se*, initiated this action by filing the Complaint (ECF No. 1) and the Motion to Proceed IFP (ECF No. 2). The Complaint asserts the following claims for relief: (1) violation of the Fourth Amendment; (2)

- 1 -

1  violation of the Fourteenth Amendment for unlawful arrest; (3) negligence; (4) violation
2  of the Fifth and Fourteenth Amendments for detention without presentment or
3  indictment of a grand jury; (5) violation of California Government Code sections 1363
4  and 1770; (6) violation of due process; (7) unlawful custom or policy pursuant to the
5  First, Fourth, Fifth, Sixth and Fourteenth Amendments; and (8) violation of the Sixth
6  Amendment for forcing "an attorney on Barkus without his consent and against his
7  protest." (ECF No. 1 at 7-8). Plaintiff requests declaratory and injunctive relief, $5
8  million in compensatory damages, $5 million in punitive damages, costs, and legal fees.

**I.     Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit, Plaintiff states that he has been unemployed since 2012, where he earned up to $500 a month. (ECF No. 2 at 2). Plaintiff states that he has no other source of income, no assets, and no savings. *Id.* Plaintiff states that he has $50,000 in student loan debt. *Id.* at 3.

The Court has reviewed the affidavit and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.    Initial Screening of Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted;

or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The standard used to evaluate whether a complaint states a claim is a liberal one, particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

The Complaint alleges that "[t]he Affiant was arrested and held without presentment or indictment of a grand Jury nor lawful warrant." (ECF No. 1 at 5). The Complaint also alleges that the Office of the District Attorney and the Deputy District Attorney had no evidence to commence an action in court against him. The Complaint further alleges that "Judge Eugenia A. Eyherabide forced an attorney on the Affiant without his consent and against his protest." *Id.* at 5. The Complaint alleges that "[t]he County of San Diego has a custom or policy to detain kidnapped men and women without probable cause, exigent circumstances, consent or lawful warrant." *Id.* The Complaint also alleges that several Defendants from the Office of the District Attorney and Office of the Public Defender did not have an oath of office on file. Finally, the Complaint alleges that the County of San Diego "neglected to properly train, supervise, control, correct, the abuse of authority, and discourage the unlawful use of authority of the Defendants," and the San Diego Police Department "failed to instruct its officers in the applicable California statutes and law dealing with search and seizure of a person

1  or property without a warrant." *Id.* at 6-7.

2      These allegations are insufficient to put Defendants on notice of the claims
3  against it, as required by Rule 8 of the Federal Rules of Civil Procedure. All allegations
4  in the Complaint are vague, conclusory, or both. *See Twombly*, 550 U.S. at 555 n.3
5  ("Rule 8(a)(2) .... requires a 'showing,' rather than a blanket assertion, of entitlement
6  to relief. Without some factual allegation in the complaint, it is hard to see how a
7  claimant could satisfy the requirement of providing not only 'fair notice' of the claim,
8  but also 'grounds' on which the claim rests."). It is unclear who detained Plaintiff
9  without "presentment or indictment of a grand Jury." *Id.* In addition, the Complaint
10 does not allege who violated Plaintiff's Fourth Amendment rights or under what
11 circumstances his Fourth Amendment rights were violated. Furthermore, the Complaint
12 does not allege any facts demonstrating that the Office of the District Attorney
13 "commence[d] an action in court" against him without "verified and demonstrated
14 evidence." (ECF No. 1 at 5).

15     Additionally, several of Plaintiff's claims are not cognizable. A claim against the
16 "Office of the Attorney General," the "Deputy District Attorney," or any other
17 prosecutor for "commencing an action in court" is barred by the doctrine of
18 prosecutorial immunity if the prosecutors were acting within the scope of their duties.
19 *See, e.g.*, *Imbler v. Pachtman*, 424 U.S. 409, 424-29 (1976) (holding that prosecutors
20 are immune from suit for money damages under § 1983 for acting within the scope of
21 their duties). Plaintiff's claim against Judge Eyherabide for appointing Plaintiff an
22 attorney is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S.
23 9, 11 (1991) (noting that judges are immune from suit unless its actions are nonjudicial
24 in nature or done "in the complete absence of all jurisdiction"). Finally, no authority
25 cited by Plaintiff provides a private right of action to challenge a government official's
26 oath of office. *See* Cal. Gov. Code §§ 1770, 1192, 1363; Cal. Const. Art. XX, § 3.

27     The Court concludes that the Complaint must be dismissed because it fails to
28 state a claim on which relief can be granted.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is GRANTED. The Complaint is DISMISSED without prejudice. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall comply with the Federal Rules of Civil Procedure. If Plaintiff does not file a first amended complaint within thirty days, this case shall remain closed without further order of the Court.

DATED: August 27, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge